SMITH, Circuit Judge,
dissenting.
As the majority notes, the procedural history in this case has been complex; however, the record is not contradictory regarding Osakwe’s eligibility for adjustment of status. Both the IJ and BIA stated that Osakwe was not eligible for adjustment of status based on the May 24, 2001, finding of the Immigration and Naturalization Service (INS) District Director. Because a remand is unnecessary to clarify whether Osakwe is eligible for adjustment of status, I respectfully dissent.[2]
The Immigration and Nationality Act requires that a person seeking adjustment of status show that he is eligible for a visa, and it also provides that a visa petition will not be approved if an alien has previously been found to have entered into a marriage for the purpose of evading the immigration laws — which is a determination to be made by the Attorney General. 8 U.S.C. § 1255(a)(2) & (3); 8 U.S.C. § 1154(c). These statutes support the *980 BIA’s finding that Osakwe is statutorily ineligible for adjustment of status.
On May 24, 2001, the INS District Director denied Osakwe’s visa petition based on a finding that Osakwe had fraudulently entered into his first marriage for the purpose of evading immigration law. And on June 25, 2002, the IJ found that Osakwe was not removable on the ground that he sought to procure a visa by marriage fraud because the District Director’s denial of Osakwe’s visa did not constitute clear, convincing, unequivocal evidence of fraud. When the government seeks to remove an alien, it has the burden to prove “by clear and convincing evidence that, in the case of an alien who has been admitted to the United States, the alien is deportable.” 8 U.S.C. § 1229a(c)(3)(A). In refusing to terminate or continue proceedings, however, the IJ acknowledged “the INS cannot approve the second visa petition after having concluded that the first visa petition was based on a fraudulent marriage.” The IJ also recognized that he could not look behind the INS’s denial of Osakwe’s first visa petition.
Later the BIA affirmed the grounds on which the IJ found Osakwe removable. The record shows that both the IJ and the BIA who upheld the IJ’s decision indicated that Osakwe is not eligible for a visa and therefore is not eligible for an adjustment of status due to the INS finding that he had entered a fraudulent marriage. The authority to adjudicate visa petitions is not the province of the IJ, rather the CIS makes those decisions. 6 U.S.C. § 271(b).
Osakwe’s argument that the procedural history presents a conflict requiring remand conflates removability and eligibility for relief from removability. The burden when proving removability is on the government. 8 U.S.C. § 1229a(c)(3)(A). In contrast, the burden for relief from removal falls on the alien applying for the relief. Id. at § 1229a(c)(4)(A). Osakwe confuses the different findings of the IJ and the BIA when he states that the IJ and the BIA held previously that ineligibility for adjustment has not been established in this case. Both the IJ and the BIA determined that Osakwe is not eligible for adjustment of status based on the May 24, 2001, finding of the INS District Director. For that reason, I would deny the petition for review and therefore respectfully dissent.

. The majority correctly rejected Osakwe's law-of-the-case argument, as he failed to raise the issue on appeal before the BIA, and his due process argument.